B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>Hitachi Capital America Corp.<br>800 Connecticut Avenue<br>Norwalk, Connecticut | **DEFENDANTS**<br>Bojan Panic<br>1196 Colfax Avenue, Des Plaines, Illinois |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Timothy R. Herman, Clark Hill PLC<br>130 E. Randolph Street, Suite 3900<br>Chicago, IL 60601 | **ATTORNEYS** (If Known)<br>Dennis M. Sbertoli, Sbertoli Law Office<br>P O Box 1482<br>La Grange Park, IL 60526 |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This adversary proceeding is a core proceeding as defined by 28 U.S.C. §157(B)(2)(I) in that it seeks a determination of the dischargeability of particular debts pursuant to 11 U.S.C. §523(a)(4) and/or 11 U.S.C. §523(a)(6) which are owing to Plaintiff.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>(continued next column) | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $135,643.94 |
| **Other Relief Sought**<br>Non-dischargeability order. | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Bojan Panic | BANKRUPTCY CASE NO.<br>21-07028 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Hon. Jacqueline P. Cox |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Tim Herman/* | | |
| DATE<br>8-17-21 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Timothy R. Herman | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BOJAN PANIC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case #21-07028 |
| | ) | |
| _____ | ) | |
| | ) | |
| HITACHI CAPITAL AMERICA CORP., | ) | Adv. Pro. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| BOJAN PANIC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF INDEBTEDNESS PURSUANT TO 11 U.S.C. §523(a)(4) and/or §523(a)(6)**

NOW COMES the Plaintiff, Hitachi Capital America Corp. by and through its attorneys, Clark Hill PLC, and for its Complaint against defendant Bojan Panic and states as follows:

**PARTIES**

1. Plaintiff Hitachi Capital America Corp. ("Plaintiff" or "Hitachi") is a foreign corporation, duly organized and existing under the laws of the State of Delaware, authorized to conduct business in the State of Illinois and maintains an office for the transaction of business at 800 Connecticut Ave, Norwalk, Connecticut.

2. Upon information and belief, defendant Bojan Panic ("Mr. Panic" or the "Debtor") was and is a resident of the State of Illinois, residing at 1196 Colfax Avenue, Des Plaines, Illinois.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §157(a), (b) and §1334(b). Venue is proper in this district under 28 U.S.C. §1409.

4. This adversary proceeding is a core proceeding as defined by 28 U.S.C §157(B)(2)(I) in that it seeks a determination of the dischargeability of particular debts pursuant to 11 U.S.C. §523(a)(4) and/or 11 U.S.C. §523(a)(6) which are owing to Plaintiff.

## FACTS COMMON TO ALL COUNTS

5. Mr. Panic was the President of non-party Millennium Logistics Inc. ("Millennium").

6. Millennium was an Illinois corporation, maintaining a principal place of business at 1196 Colfax Ave, Des Plaines, Il. Its current corporate status is "dissolved". A copy of the results from a search of the Illinois Secretary of State's Office reflecting same is attached hereto as Exhibit "A".

7. On or about August 9, 2018, Millennium entered into a Motor Vehicle Security Agreement (the "Agreement") with Hitachi. A true copy of the Agreement is attached to and incorporated into the Complaint as Exhibit "B".

8. The Agreement was signed on behalf of Millennium by Mr. Panic as an Officer.

9. As further consideration and to induce Hitachi to enter into the Agreement, Mr. Panic executed a Guaranty in favor of Hitachi, whereby he irrevocably and unconditionally guaranteed to Hitachi the prompt payment and performance of all present and future obligations owing by Millennium to Hitachi. A true and correct copy of the Guaranty is attached to and incorporated into the Complaint as Exhibit "C".

10. In accordance with the terms of the Agreement, Millennium agreed to pay to Hitachi the sum of $172,480.32 by making seventy-two (72) consecutive monthly payments of

$2,395.56, commencing on September 9, 2018 and continuing monthly thereafter until paid in full.

11. As security for the repayment of the indebtedness due under the Agreement, Millennium granted to Hitachi a security interest in and to a 2019 International Prostar VIN #3HSDZAPR3KN045047 (the "Truck").

12. Hitachi perfected its security interest in the Truck by notating its lien on the Truck's Certificate of Title. A true and correct copy of the Certificate of Title is attached to and incorporated into the Complaint as Exhibit "D".

13. Beginning in June 2019 the account fell into default and Hitachi began collection efforts. Numerous calls and emails were made to Mr. Panic. After repeated broken promises, Mr. Panic had brought the account current in November 2019.

14. Thereafter, Millennium defaulted by failing to make the January 9, 2020, installment or any other monthly installments as they came due.

15. As a result of the default, demand was made upon Millennium and Mr. Panic to cure the default.

16. Despite numerous demands both Millennium and Mr. Panic failed to cure the defaults. Accordingly, Hitachi terminated the Agreement, accelerated the indebtedness due thereunder and demanded possession of the Truck.

17. Since being assigned the account in early 2020, Hitachi's agents have been unable to locate the Truck. Mr. Panic has not returned any messages left by Hitachi or its agents and has failed to assist in any way with the return of the Truck.

18. On or about June 2, 2021, Mr. Panic filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

19. In his bankruptcy schedules Mr. Panic has indicated that the "location of the Truck is unknown to Debtor". (ECF Doc #1, pg. 51)

20. Upon information and belief, in addition to Millennium Logistics, Mr. Panic is an affiliate, owner, shareholder or officer of the following companies each of which utilize trucks and trailers in the operation of their business: RR Freight Inc., Master Group, Inc. and Ristic Trucking Incorporated.

21. According to Mr. Panic's schedules each of those entities are a co-debtor and each share the same address as Mr. Panic's home residence.

## COUNT ONE
## 11 U.S.C. §523(a)(4)

22. Plaintiff repeats each and every allegation asserted in paragraphs "1" through "21", as if more fully set forth herein.

23. Mr. Panic, as the "president" of Millennium and guarantor of the Agreement, was aware of Millennium's and his obligations owing under the Agreement and Guaranty.

24. The Agreement provides that the borrower Millennium would do everything necessary to perfect and preserve the security interest of Hitachi in the Truck. (See, Exhibit "B" at ¶5)

25. As guarantor of the Agreements, Mr. Panic, irrevocably and unconditionally guaranteed the performance of all obligations of Millennium, including the obligation to perfect and preserve Hitachi's interests in the Truck. (See, Exhibit "D")

26. Upon information and belief, as a guarantor and President of Millennium, Mr. Panic had a fiduciary duty to safeguard the assets of Millennium and Hitachi's interests in the Truck.

27. Upon information and belief, Mr. Panic transferred possession of the Truck to a

third party and has failed to keep the Truck adequately insured.

28. Hitachi has made demand upon Mr. Panic for the return of the Truck but he has failed to cooperate in the surrender of same.

29. Upon information and belief, Mr. Panic violated his fiduciary duties by failing to safeguard Hitachi's collateral.

30. As a result of Mr. Panic's failure to uphold his fiduciary obligations to Hitachi, Hitachi has suffered damages in a sum of $135,643.94.

31. Accordingly, as a result of Mr. Panic's actions, the debt owing to Plaintiff is non-dischargeable under section 523(a)(4) of the Bankruptcy Code.

## COUNT TWO
## 11 U.S.C. §523(a)(6)

32. Plaintiff repeats each and every allegation asserted in paragraphs "21" through "30", as if more fully set forth herein.

33. Upon information and belief, as the President of Millennium, Mr. Panic knows the party to whom the Truck was transferred or sold.

34. Upon information and belief, Mr. Panic refuses to disclose the name of the party in possession as he has profited from the transfer and/or will continue to profit.

35. Upon information and belief, Mr. Panic knows that the failure to return the Truck will cause Hitachi significant injury.

36. Upon information and belief, the actions taken by Mr. Panic are willful and malicious and made with the intent to cause Hitachi injury.

37. As a result of Mr. Panic's actions, Hitachi has suffered damages in a sum of $135,643.94.

38. Accordingly, as a result of Mr. Panic's actions, the debt owing to Plaintiff is non-dischargeable under section 523(a)(6) of the Bankruptcy Code.

**WHEREFORE,** Plaintiff Hitachi Capital America Corp. demands judgment against Defendant Bojan Panic: (a) determining that the Plaintiff's claims against the Defendant Bojan Panic be non-dischargeable under section 523(a)(4) and/or 523(a)(6) of the Bankruptcy Code and awarding Plaintiff its costs and attorneys' fees, and such other relief as this court deems just and equitable.

Dated: August 17, 2021

                                    Respectfully submitted,
                                    BANK CAPITAL SERVICES, LLC d/b/a
                                    F.N.B. EQUIPMENT FINANCE

                                  By: /s/Timothy R. Herman
                                          One of Its Attorneys

Timothy R. Herman
ARDC# 6301721
(therman@clarkhill.com)
Clark Hill PLC
130 E. Randolph St., Ste. 3900
Chicago, IL 60601
Telephone No.: (312) 985-5900
Fax: (312) 985-5574