UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
|     BOJAN PANIC, | ) | 21-07028 |
|         Debtor. | ) | |
|   | ) | Judge Jacqueline P. Cox |
|   | ) | |
| HITACHI CAPITAL AMERICA CORP., | ) | |
|         Plaintiff, | ) | |
|   | ) | |
| -vs- | ) | Adversary No. 21-00175 |
|   | ) | |
| BOJAN PANIC, | ) | |
|         Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY

NOW COMES the Defendant, Bojan Panic (PANIC) by his attorney, Dennis M. Sbertoli, and as and for his Answer submits the following:

**PARTIES**

THE COMPLAINT STATES:

    1. Plaintiff Hitachi Capital America Corp. ("Plaintiff" or "Hitachi") is a foreign corporation, duly organized and existing under the laws of the State of Delaware, authorized to conduct business in the State of Illinois and maintains an office for the transaction of business at 800 Connecticut Ave, Norwalk, Connecticut.

**ANSWER:**    This Defendant lacks any first hand information as to Plaintiff's corporate status and accordingly, neither admits nor denies same but demands strict proof thereof.

THE COMPLAINT STATES:

    2. Upon information and belief, defendant Bojan Panic ("Mr. Panic" or the "Debtor") was and is a resident of the State of Illinois, residing at 1196 Colfax Avenue, Des Plaines, Illinois.

**ANSWER:**    Admitted.

## JURISDICTION AND VENUE

THE COMPLAINT STATES:

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §157(a), (b) and §1334(b). Venue is proper in this district under 28 U.S.C. §1409.

**ANSWER:** Admitted.

THE COMPLAINT STATES:

4. This adversary proceeding is a core proceeding as defined by 28 U.S.C. §157(B)(2)(I) in that it seeks a determination of the dischargeability of particular debts pursuant to 11 U.S.C. §523(a)(6) which are owing to Plaintiff.

**ANSWER:** Admitted.

## FACTS COMMON TO ALL COUNTS

THE COMPLAINT STATES:

5. Mr. Panic was the President of non-party Millennium Logistics Inc. ("Millennium").

**ANSWER:** Admitted.

THE COMPLAINT STATES:

6. Millennium was an Illinois corporation, maintaining a principal place of business at 1196 Colfax Ave, Des Plaines, Il. Its current corporate status is "dissolved". A copy of the results from a search of the Illinois Secretary of State's Office reflecting same is attached hereto as Exhibit "A".

**ANSWER:** **Admitted.**

THE COMPLAINT STATES:

7. On or about August 9, 2018, Millennium entered into a Motor Vehicle Security Agreement (the "Agreement") with Hitachi. A true copy of the Agreement is attached to and incorporated into the Complaint as Exhibit "B".

2

**ANSWER:** Admitted.

THE COMPLAINT STATES:

    8. The Agreement was signed on behalf of Millennium by Mr. Panic as an Officer.

**ANSWER: Admitted.**

THE COMPLAINT STATES:

    9. As further consideration and to induce Hitachi to enter into the Agreement, Mr. Panic executed a Guaranty in favor of Hitachi, whereby he irrevocably and unconditionally guaranteed to Hitachi the prompt payment and performance of all present and future obligations owing by Millennium to Hitachi. A true and correct copy of the Guaranty is attached to and incorporated into the Complaint as Exhibit "C".

**ANSWER:** This Defendant denies that he guaranteed the subject obligation of Millennium as an "inducement" to Hitachi but stating in the affirmative, the guaranty was a non-negotiable condition imposed by Hitachi.

THE COMPLAINT STATES:

    10. In accordance with the terms of the Agreement, Millennium agreed to pay to Hitachi the sum of $172,480.32 by making seventy-two (72) consecutive monthly payments of $2,395.56, commencing on September 9, 2018 and continuing monthly thereafter until paid in full.

**ANSWER:** Admitted.

THE COMPLAINT STATES:

    11. As security for the repayment of the indebtedness due under the Agreement, Millennium granted to Hitachi a security interest in and to a 2019 International Prostar VIN #3HSDZAPR3KN045047 (the "Truck").

**ANSWER:** Defendant admits Plaintiff required Millennium grant Hitachi a security interest in the truck.

THE COMPLAINT STATES:

3

> 12. Hitachi perfected its security interest in the Truck by notating its lien on the Truck's Certificate of Title. A true and correct copy of the Certificate of Title is attached to and incorporated into the Complaint as Exhibit "D".

**ANSWER:** Defendant has no first hand information as to whether or not Hitachi properly perfected its security interests and accordingly, neither admits nor denies same but demands strict proof thereof.

THE COMPLAINT STATES:

> 13. Beginning in June 2019 the account fell into default and Hitachi began collection efforts. Numerous calls and emails were made to Mr. Panic. After repeated broken promises, Mr. Panic had brought the account current in November 2019.

**ANSWER:** Defendant admits the loan went into default.

THE COMPLAINT STATES:

> 14. Thereafter, Millennium defaulted by failing to make the January 9, 2020, installment or any other monthly installments as they came due.

**ANSWER:** Defendant admits the loan went into default.

THE COMPLAINT STATES:

> 15. As a result of the default, demand was made upon Millennium and Mr. Panic to cure the default.

**ANSWER:** Admitted.

THE COMPLAINT STATES:

> 16. Despite numerous demands both Millennium and Mr. Panic failed to cure the defaults. Accordingly, Hitachi terminated the Agreement, accelerated the indebtedness due thereunder and demanded possession of the Truck.

**ANSWER:** Defendant admits demands were made but lacks any first hand information as to whether or not Hitachi took steps to accelerate the loan and accordingly, neither admits nor denies same but demands strict proof thereof.

THE COMPLAINT STATES:

4

17. Since being assigned the account in early 2020, Hitachi's agents have been unable to locate the Truck. Mr. Panic has not returned any messages left by Hitachi or its agents and has failed to assist in any way with the return of the Truck.

**ANSWER:** Defendant lacks any first hand information as to Hitachi's efforts to locate the truck and accordingly neither admits nor denies same but demands strict proof thereof.

THE COMPLAINT STATES:

18. On or about June 2, 2021, Mr. Panic filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

**ANSWER:** Admitted.

THE COMPLAINT STATES:

19. In his bankruptcy schedules Mr. Panic has indicated that the "location of the Truck is unknown to Debtor". (ECF Doc #1, pg. 51)

**ANSWER:** Admitted.

THE COMPLAINT STATES:

20. Upon information and belief, in addition to Millennium Logistics, Mr. Panic is an affiliate, owner, shareholder or officer of the following companies each of which utilize trucks and trailers in the operation of their business: RR Freight Inc., Master Group, Inc. and Ristic Trucking Incorporated.

**ANSWER:** Panic denies that he had any ownership or managerial position with RR Freight, Master Group Inc., or Ristic Trucking Incorporated.

THE COMPLAINT STATES:

21. According to Mr. Panic's schedules each those entities are a co-debtor and each share the same address as Mr. Panic's home residence.

**ANSWER:** Admitted to the extent Millennium is a co-debtor as to Hitachi. The remaining entities are not co-debtors as to Hitachi.

## COUNT ONE
## 11 U.S.C. §523(a)(6)

THE COMPLAINT STATES:

22. Plaintiff repeats each and every allegation asserted in paragraphs "1" through"21", as if more fully set forth herein.

**ANSWER:** Defendant restates and realleges his responses to paragraphs 1-21 as though set forth in full herein.

THE COMPLAINT STATES:

23. Upon information and belief, as the President of Millennium, Mr. Panic knows the party to whom the Truck was transferred or sold.

**ANSWER:** Defendant denies he transferred the truck to any other party.

THE COMPLAINT STATES:

24. Upon information and belief, Mr. Panic refuses to disclose the name of the party in possession as he has profited from the transfer and/or will continue to profit.

**ANSWER:** Denied.

THE COMPLAINT STATES:

25. Upon information and belief, Mr. Panic knows that the failure to return the Truck will cause Hitachi significant injury.

**ANSWER:** Denied.

THE COMPLAINT STATES:

26. Upon information and belief, the actions taken by Mr. Panic are willful and malicious and made with the intent to cause Hitachi injury.

**ANSWER:** Denied.

THE COMPLAINT STATES:

27. As a result of Mr. Panic's actions, Hitachi has suffered

damages in a sum of $135,643.94.

**ANSWER:** Denied.

THE COMPLAINT STATES:

28. Accordingly, as a result of Mr. Panic's actions, the debt owing to Plaintiff is non- dischargeable under section 523(a)(6) of the Bankruptcy Code.

**ANSWER:** Denied.

                        Respectfully submitted,
                        Bojan Panic

By: _____
                        Dennis M. Sbertoli, one of his attorneys

Dennis M. Sbertoli
ARDC #3128965
PO Box 1482
La Grange Park, IL 60526
(708) 579-9724
dsbert4978@aol.com
Panic\AdsHitachi\A2AmendCpt.wpd